UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD SANTOGROSSI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-0634-TWP-TAB |
| | ) |
| HAMILTON COUNTY, INDIANA, | ) |
| CLERK OF COURTS, | ) |
| | ) |
| Defendants. | |

**Entry Discussing Complaint, Dismissing Insufficient Claims
and Directing Further Proceedings**

**I.**

The plaintiff's request to proceed *in forma pauperis* [dkt. 2] is **granted.** The assessment of even a partial filing fee is not feasible at this time.

**II.**

Plaintiff Richard Santogrossi filed this civil rights action on April 20, 2015, alleging that the Clerk of the Hamilton County Court failed to properly dispose of his state criminal matter [dkt. 1]. More specifically, the plaintiff alleges that upon completion of probation, the original felony sentence was to be amended to an alternative sentence of a class A misdemeanor. This, according to the plaintiff, did not happen. He seeks injunctive relief from this Court ordering the Hamilton County Clerk to amend the state court conviction to a class A misdemeanor in accordance with the plea agreement. The plaintiff also alleges a state court claim of defamation and negligence per se.

Because the plaintiff has sought and has been granted *in forma pauper* status, his complaint must be assessed under the standard established in 28 U.S.C. § 1915(e)(2). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous or malicious;

(2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief." *Id.* To state a claim upon which relief must be granted, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). The issue raised in the complaint is whether the state court record accurately reflects the terms of the plea agreement, and if not, whether this misstatement violates the plaintiff's due process rights.

### III.

### Claim that May Proceed

The 42 U.S.C. § 1983 claim against the Clerk of the Hamilton County Court in her official capacity for injunctive relief only to correct an ongoing due process violation **may proceed**. The Court has attached as a PDF to this Entry a copy of the docket sheet for the plaintiff's Hamilton County criminal matter, case number 29D04-0310-FD-006985. On April 4, 2007, there is an entry in case number 29D04-0310-FD-006985 that states:

> The Court does find that the deft has successfully completed probation without violation. As per term of plea agreement the Court does order that the original sentence be amended to an Alternative Sentence of a Class A Misdemeanor.

It is not clear to this Court if the plaintiff's original judgment/sentence was amended as required by the plea agreement. The plaintiff alleges that this change was not made.

In lieu of an answer, **the Clerk may provide documentation** to this Court that the plaintiff's original sentence was amended to an alternative sentence/judgment of a class A misdemeanor, and this action may be dismissed. Otherwise, the Clerk may answer the plaintiff's complaint in accordance with *Federal Rule of Civil Procedure* 12(a)(1)(A).

## IV.

## Insufficient Claims

The plaintiff's action is brought pursuant to 42 U.S.C. § 1983. He alleges that the defendant defamed him by failing to correct the record in his state criminal matter. To state a claim for defamation, the plaintiff "must prove the existence of 'a communication with defamatory imputation, malice, publication, and damages.'" *Trail v. Boys and Girls Club of Northwest Indiana*, 845 N.E.2d 130, 136 (Ind. 2006) (quoting *Davidson v. Perron*, 716 N.E.2d 29, 37 (Ind. Ct. App. 1999). Truth is a complete defense to a claim for defamation. *Trail*, 845 N.E.2d at 136. Here, by this own admission, the plaintiff was convicted of a felony that cannot be expunged [dkt. 1, p. 4]. The fact that his record needs to be amended to reflect the terms of the plea agreement does not change the fact that the plaintiff was, in fact, convicted of a felony. As such, his claim for **defamation fails to state a claim and must be dismissed**.

The plaintiff has also asserted that it was negligence per se for the defendant to fail to amend the criminal court record in accordance with the plea agreement in violation of Ind. Code § 35-35-3-3(e). This is a state law claim that this Court declines to exercise supplemental jurisdiction over. The reason for this ruling is that such a claim is necessarily against a specific individual and is unique from the claim against the Clerk in her official capacity. A negligence claim against an individual is better suited in state court. Additionally, the facts necessary to establish damages are distinct and outside the scope of the remaining claim. The plaintiff's claim for negligence per se seeking monetary damages **is dismissed without prejudice for lack of jurisdiction.**

## V.

## Further Proceedings

**The case shall proceed** as to the ongoing due process claim for injunctive relief only asserted against the Clerk of the Hamilton County Court. The clerk is designated pursuant to Fed. R. Civ. P. 4(c)(3) to issue and serve process on defendant Clerk of the Hamilton County Court in the manner specified by Fed. R. Civ. P. 4(d)(1). Process shall consist of the complaint [dkt. 1] and PDF attachment, applicable forms and this Entry.

**IT IS SO ORDERED**.

Date: 4/24/2015

*signature*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

Richard Santogrossi
126 Redmond Road
Columbus, OH 43228

Clerk, Hamilton County Court
1 Hamilton Square, Suite 106
Noblesville, Indiana 46060