UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD SANTOGROSSI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-0634-TWP-TAB |
| | ) |
| HAMILTON COUNTY, INDIANA, | ) |
| CLERK OF COURTS, | ) |
| | ) |
| Defendant. | ) |

**Entry Dismissing Action**

**I. Discussion**

This case is a 42 U.S.C. § 1983 brought against the Clerk of the Hamilton County Court. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Here, the plaintiff asserts that the Hamilton County Clerk violated his due process rights by failing to correct the record in his criminal case. More specifically, the plaintiff alleges that upon completion of probation, the original felony sentence in his state court criminal matter was to be amended to an alternative sentence of a class A misdemeanor. This, according to the plaintiff, did not happen. He filed a complaint seeking injunctive relief from this Court ordering the Hamilton County Clerk to amend the state court conviction to a class A misdemeanor in accordance with the plea agreement.

However, the expanded record shows that the Hamilton County Clerk did everything she was supposed to do. On March 29, 20017, the plaintiff's attorney filed a "Petition for Alternative

A Misdemeanor Sentencing" [dkt. 8-4]. On April 4, 2007, the state court issued an order amending the original criminal sentence by modifying Mr. Santogrossi's conviction from a Class D Felony to a Class A Misdemeanor [dkt. 8-5]. In response to court's order modifying Mr. Santogrossi's conviction to a misdemeanor, the Hamilton County Clerk's Office entered an entry on its Chronological Case Summary showing that the original sentence had been modified to a misdemeanor. [dkt. 8-6, at pp. 3-4]. The court's records are undisputed in this action and the Court may take judicial notice of them.

The Court issued an order directing Mr. Santogrossi to show cause why this action should not be dismissed and in doing so to identify a claim for relief. The plaintiff filed a motion for summary judgment on May 26, 2015, [dkt. 10], but did not otherwise respond to the defendant's response or to the Court's show cause order. Mr. Santogrossi attached to his motion for summary judgment a copy of the Hamilton County Chronological Case Summary showing that the Clerk amended Mr. Santogrossi's sentence to an alternative sentence/judgment of a Class A misdemeanor as contained in the plea agreement. [dkt. 10-4, at pg. 3-5]. Mr. Santogrossi's motion did not otherwise refute the fact that the Hamilton County Clerk properly amended Mr. Santogrossi's sentence to an alternative sentence/judgment of a Class A misdemeanor in 2007. As such, there is no basis for personal liability against the Hamilton County Clerk and there is no plausible basis to conclude that the Hamilton County Clerk violated Mr. Santogrossi's constitutional rights. To the contrary, the Hamilton County Clerk did everything that was required of her. As such, further development of this action is not warranted.

## II. Conclusion

The plaintiff's motion for summary judgment [dkt. 10] is **denied** and this action is dismissed. A judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 7/15/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Richard Santogrossi
126 Redmond Road
Columbus, OH 43228